# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ULMSCHNEIDER,<br><br>Plaintiff,<br><br>v.<br><br>LOS BANOS UNIFIED SCHOOL DISTRICT; LOS BANOS TEACHERS' ASSOCIATION; DAN MARTIN; DUKE MARSHALL; DR. CHARLES MARTIN; CHERYL MOODY; ANTHONY PARREIRA; JAMES ORR; SHANNA SPIVA; STEVE TIETJEN; AARON BARCELLOS; COLLEEN MENEFE DENNIS AREIAS; DAN GOIN; ANDREE SOARES; CAROLE WYNNE, RANDY NOCITO, DOES 1 through 50, | 1:11-cv-1767 AWI GSA<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR COUNSEL<br><br>(Doc. 13) |

On November 26, 2012, Plaintiff filed a motion requesting court appointed legal counsel and or assistance to obtain a lawyer. (Doc. 13). Upon a review of the request, the Court DENIES Plaintiff's motion.

Title 28 of the United States Code section 1915(e)(1) provides: "The court may request an attorney to represent any person unable to afford counsel." Nevertheless, "it is well-established that there is generally no constitutional right to counsel in civil cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (citing *Hedges v. Resolution Trust* Corp. (*In re Hedges*), 32 F.3d 1360, 1363 (9th Cir. 1994)). There is also no constitutional right to appointed counsel to pursue a Title 42 of the United States Code section 1983 claim. *Rand v.*

*Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *accord Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). Federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 310, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) (discussing § 1915(d)); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel by the court is discretionary, not mandatory. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d at 569.

In this case, Plaintiff is not entitled to the assistance of counsel in his civil action as there is no constitutional right to counsel in such cases, and the Court will not make a coercive appointment of counsel.

Appointment of counsel may be made if a court finds that there are exceptional circumstances after evaluating the likelihood of success on the merits and the ability of the party to articulate his or her claims pro se in light of the complexity of the legal issues involved; the factors must be viewed together. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). The Court cannot require an attorney to represent Plaintiff. *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. at 298. Rather, the Court will seek volunteer counsel only in the most serious and exceptional cases.

In light of the stage of the proceedings, the Court is unable to make a determination that Plaintiff is likely to succeed on the merits. *Terrell v. Brewer*, 935 F.2d at 1017. Morever, this case does not appear to be particularly complex. Although this Court has encouraged Plaintiff to obtain counsel because of the complexity of his case, the Plaintiff's complaint asserts a claim of unlawful termination from his employment. (*See* Doc. 9.) This court is faced with similar cases almost daily.

///
///
///
///

1  As such, this Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, the case is not exceptional.

Accordingly, Plaintiff's request or motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **November 28, 2012**              /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE